UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRIS, an individual,

       Plaintiff/Counter-
       Defendant,

v.                         Case No:  2:18-cv-383-FtM-29MRM

HENRY JAN, an individual,

       Defendant/Counter
       -Plaintiff/Third
       Party Plaintiff

JOHN DOE and JANE DOE,

       Third Party Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff's Motion to Dismiss Defendant's Counterclaims and Third-Party Claims (Doc. #12) filed on July 26, 2018. Defendant filed a Response (Doc. #20) on September 17, 2018.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007).

## II.

On June 4, 2018, plaintiff Larry Harris filed his Complaint (Doc. #1) against Henry Jan for damages stemming from a breach of a promissory note in the amount of $300,000. Plaintiff alleges that defendant agreed to repay the principal amount on July 3, 2017, with interest accruing on the unpaid balance at a rate of 12% per annum. Plaintiff alleges that defendant made no payments, and the Note provides for a default interest rate of 15% per annum. Plaintiff seeks $391,701.37 as of May 31, 2018, with interest, plus attorney fees. In response, defendant filed an Answer and Counterclaim (Doc. #9) which also purports to add a Jane Doe and John Doe as third-party defendants. Defendant does not present a statement of subject-matter jurisdiction, however the Court notes that two counts present a federal question. For purposes of

review, the Court will assume that the Court has subject-matter jurisdiction in this basis.

Defendant/Counter-plaintiff Jan alleges that he entered into various business loan arrangements in or around 2010 with plaintiff/counter-defendant Harris, through his company Healthcare of Today, Inc. Jan states that this business became insolvent and he was unable to continue cash repayment for the business loan. Jan alleges that Harris continued to harass him for repayment "even though he had technically been paid in full" by taking stock that secured the original notes, and Harris sought to have Jan ratify the note and provide a personal guaranty. (Doc. #9, ¶ 7.) Jan signed the note because "of the constant threats, calls and harassment" even though he believed the notes had been paid in full. (Id., ¶ 8.) Jan continued to make payments "whenever possible", and Harris continued to demand money from Jan even after Jan had paid back all the principal. (Id., ¶ 11.)

Jan filed for bankruptcy protection, but Harris continued to contact him even during its pendency. The bankruptcy case was dismissed, and Jan continued with payments. Jan alleges that Harris demanded that he violate securities laws and Jan's settlement with the SEC by arranging inside information "and to illegally collect funds from a publicly traded company". (Id., ¶ 16.) Jan goes on to make allegations regarding an unidentified CEO of an unnamed company for whom he arranged a meeting with

Harris, and Harris then threatened. Jan alleges that Harris stated that he was hiring a detective to find Jan's daughter to harass her. Jan alleges that Harris threatened to hire a detective before, to be paid by his mother. Jan alleges that Harris has been recording their phone conversations without his consent. None of these facts are incorporated into or referenced in any of the counts.

Under the heading of "Joinder of Additional Defendants", Jan inserts that Jane Doe and John Doe have a significant role and should be included. Nothing further is stated, no factual basis provided, and no counts stated. Therefore no Third-Party Complaint is presented and it will be dismissed.

### III.

Jan goes on to assert the following counterclaims: extortion, wiretapping, violation of the automatic stay in Bankruptcy Court, violations of Florida Usary Laws, two counts for RICO violations, and unjust enrichment. Harris seeks to dismiss the counterclaims arguing that: (1) extortion is not an actionable civil claim; (2) both Florida and federal laws have an exception allowing for the recording of one's own phone conversations; (3) the Court should defer jurisdiction of an alleged violation of the automatic stay to the Bankruptcy Court; (4) the usary claim fails to allege facts of an interest rate exceeding the lawful rate of interest under the relevant Florida Statute; (5) Jan fails to state a claim for

violations of RICO; and (6) that the claim for unjust enrichment is deficient.

## 1. Extortion

As argued by Harris, there is no recognized private right of action for extortion in Florida and specifically under Fla. Stat. § 836.05.  Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper v. Ferre, 636 F. Supp. 970, 976 (S.D. Fla. 1985).  Jan argues that California law allows for a civil cause of action to recover damages, which is true, and he is a resident of California.  See Baker v. FirstCom Music, No. LACV168931VAPJPRX, 2017 WL 9510144, at *12 (C.D. Cal. July 27, 2017) ("California has long recognized a claim for civil extortion, relying on the definition of extortion under criminal law to analyze such claims."); Cal. Penal Code § 518(a).

Although Jan is a resident of California, the suit was filed in Florida and the Promissory Note provides that Florida law applies in case of a default.  (Doc. #1-1, p. 3.)  As California law does not apply to the case, and the claim is not presented as a claim under California law, the claim must be dismissed.

## 2. Wiretapping

Harris argues that the claim must be dismissed because both Florida law and federal law recognize an exception to the prohibition on recording communications.  Once again, Jan argues that California law provides protection if there was no consent.

Federal law provides a right to a civil cause of action under 18 U.S.C. § 2520, as does California and Florida. Under the California Statute, consent of all parties is indeed required to record a conversation. Cal. Penal Code § 632(a). Under the Florida Statute, as long as the intercept is not disclosed improperly, it does not apply to prohibit recording one's own conversation. Lomelo v. Schultz, 422 So. 2d 1050, 1051 (Fla. 4th DCA 1982); Fla. Stat. § 934.10(1). As of 2006, California applies the government interest test to out-of-state persons who record or intercept calls made from or received in California. Kearney v. Salomon Smith Barney, Inc., 39 Cal. 4th 95, 122, 137 P.3d 914, 933 (Cal. 2006).

Jan may be asserting a claim under California law, but that has not specifically been pled. In fact, no statutory, common law, or constitutional basis is referenced. Only one line is contained in Count II, that Harris admitted to record phone conversations without the consent of Jan, and no other context. The motion to dismiss will be granted because the one line fails to provide a short and plain statement for relief.

### 3. Automatic Stay Violation

As a preliminary matter, Count III also only alleges one line, that Harris ignored bankruptcy laws by harassing him and trying to collect money during his Chapter 13 case. In his Response, Jan provides that he filed a Chapter 7 case in California on February

27, 2012, and he would not object if the issue is better handled

by the Bankruptcy Court.  Jan does not indicate in the Counterclaim

whether the issue was raised with the Bankruptcy Court, or under

what basis he may bring a stand-alone civil action for a violation

of 11 U.S.C. § 362.  The fact is, that any purported violation of

the automatic stay should be handled by the Court that imposed the

stay, i.e., the Bankruptcy Court.  See, e.g., Pereira v. First N.

Am. Nat. Bank, 223 B.R. 28, 31 (N.D. Ga. 1998).  This claim will

be dismissed without prejudice to proceeding in that court.

### 4. Usary Laws

Jan alleges that the "effective interest rate" is actually

greater than 18%, which violates Fla. Stat. § 687.03(3).  Jan

alleges that the only way he would owe "anywhere close to $300,000"

is if an interest rate in excess of 50%.  (Doc. #9, ¶ 33.)  The

Promissory Note provides for an interest rate of 12% on all unpaid

balances retroactive to January 1, 2016.  (Doc. #1-1, p. 3.)  In

case of default and the acceleration of the amount due, the Note

bears a rate of 15% percent per annum from the date of demand until

paid.  (Id., p. 2.)  Nowhere in the Note or the Complaint is Harris

seeking an interest rate in excess of 18%.  To the extent that Jan

is arguing that he has already overpaid in excess of an amount

equal to principal plus an interest rate in excess of 18 percent

per annum, the allegations are not clearly articulated and appear

to support an unjust enrichment claim, not a usary claim.  The motion to dismiss will be granted.

**5. RICO**

Jan asserts two claims under the Racketeering Influenced and Corrupt Organizations Act (RICO).  Jan asserts that the case involves an "unlawful debt" as defined in 18 U.S.C. § 1961(6), which is a debt "incurred or contracted in gambling activity" in violation of laws relating to usury, <u>and</u> "which was incurred in connection with the business of gambling".  Jan alleges that Harris committed multiple related acts to collect usurious loans.  (Doc. #9, ¶ 36.)  Under § 1962, "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).

There are no factual allegations that the debt incurred in this case was as a result of a gambling debt.  It is in fact admittedly based on a Note signed by Jan.  (Doc. #9, ¶ 8.)  Further, there is no allegation that Harris is an enterprise, or what specific racketeering activities in § 1961(a) are at issue.  The motion to dismiss will be granted as to Count V of the Counterclaims.

In the other RICO claim, Count VI, Jan alleges a conspiracy to violate 18 U.S.C. § 1962(c), through § 1962(d), with the unidentified third-parties. To establish a claim, of a RICO conspiracy, plaintiff must show that Harris agreed to the overall objective of the conspiracy, or show that Harris agreed to commit two predicate acts. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010). Jan makes only conclusory statements with no factual support, and with no identified objective or identified predicate acts. Further, it is unclear what role the third-parties played as the "Third-Party Complaint" contains no allegations explaining their roles. The motion to dismiss will be granted.

**6. Unjust Enrichment**

To assert unjust enrichment, Jan must allege that a benefit was conferred on Harris, it was voluntarily accepted and retained, and that it would be inequitable for Harris to retain the benefit without first paying the value to Jan. Agritrade, LP v. Quercia, No. 3D15-2392, 2017 WL 5760269, at *4 (Fla. 3d DCA Nov. 29, 2017), review denied, No. SC17-2294, 2018 WL 1256501 (Fla. Mar. 12, 2018). Jan again asserts a conspiracy and references some of the same RICO language as in the previous counts. No factual support is otherwise provided. The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Dismiss Defendant's Counterclaims and Third-Party Claims (Doc. #12) is **GRANTED**. The Counterclaim, and Joinder of Additional Defendants (Doc. #9), construed as a third-party complaint, are **dismissed without prejudice** to filing an Amended Answer, Affirmative Defenses, Counterclaims within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record