UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRIS, an individual,

    Plaintiff,

v.                               Case No: 2:18-cv-383-FtM-29MRM

HENRY JAN, an individual,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (Doc. #26) filed on January 11, 2019. Defendant filed a Response (Doc. #28) on January 31, 2019. For the reasons set forth below, the motion is granted.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A court must decide 'whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Anderson, 477 U.S. at 251).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

The undisputed facts are as follows: On February 4, 2016, Defendant Henry Jan (Defendant) executed and delivered to

2

Plaintiff Larry Harris (Plaintiff) a promissory note (the Note) in the principal amount of $300,000, to "be repaid in full on July 3rd, 2017." (Doc. #1-1, p. 2; Doc. #26-1, p. 2.) The Note allowed Defendant to make payments prior to July 3, 2017 without penalty. (Doc. #26-1, p. 2.) The Note consolidated two prior loans Plaintiff had made to Defendant in the amounts of $100,000 and $75, 000 on June 10, 2010 and August 2, 2010, respectively. (Id. p. 3.) The Note provides that interest accrues on the unpaid principal at the interest rate of 12% per annum. (Id. p. 2.) The Note further provides that, in the event of Defendant's default, the Note accrues interest at the rate of 15% per annum. (Id.) The Note matured on July 3, 2017. (Id.)

On June 4, 2018, Plaintiff filed a Complaint (Doc. #1) against Defendant, in which he asserts a claim for breach of a promissory note.[1] Plaintiff alleges in the Complaint that Defendant failed to make any payments under the terms of the Note and owes Plaintiff the principal amount of $300,000, plus interest.

### III.

Plaintiff now moves for summary judgment on his breach of a promissory note claim. Under Florida law, the elements of a claim for breach of a promissory note "are the same as those used for a

---

[1] Plaintiff filed the Complaint with this Court on the basis of diversity jurisdiction.

breach of contract claim." Regions Bank v. Legal Outsource PA, No. 2:14-CV-476-FTM-29DN, 2014 WL 7014559, at *3 (M.D. Fla. Dec. 11, 2014)(citation omitted).[2]  The elements for a breach of contract claim under Florida law are "(1) a valid contract; (2) a material breach; and (3) damages." J.J. Gumberg Co. v. Janis Servs., Inc., 847 So. 2d 1048, 1049 (Fla. 4th DCA 2003)(citation and quotation omitted).

"A promissory note, mature and regular on its face . . . is sufficient to establish a prima facie case" for breach of a promissory note. Haycook v. Ostman, 397 So. 2d 743, 743-44 (Fla. 5th DCA 1981). "A payee's possession of an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense." Cole Taylor Bank v. Shannon, 772 So. 2d 546, 550 (Fla. 1st DCA 2000).

Here, Plaintiff has submitted as evidence the Note, which provides that Defendant was to pay Plaintiff $300,000 in principal, plus interest, by July 3, 2017. (Doc. #26-1.) Plaintiff has also submitted an affidavit, in which Plaintiff avers that Defendant has made no payments on the Note and remains in default. (Doc. #26-2.) Accordingly, Plaintiff has established a prima facie case

---

[2] This action is governed by Florida law because the Note provides that it "will be construed in accordance with and governed by the laws of the State of Florida." (Doc. #26-1, p. 2.)

4

for breach of a promissory note. Haycook, 397 So. 2d at 743-44. The burden thus shifts to Defendant "to establish payment or another defense." Shannon, 772 So. 2d at 550.

Defendant argues Plaintiff is not entitled to summary judgment because he "believes he will demonstrate" that he signed the Note under duress. (Doc. #28, p. 2.) Defendant, however, has submitted no evidence supporting his contention that he signed the Note under duress, and his speculation that he can establish such a defense is insufficient to rebut Plaintiff's prima facie case. See Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995)(noting that in opposing summary judgment, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial" by using "affidavits, [] depositions, answers to interrogatories, [or] admissions on file" (citation and quotation omitted)).

Defendant also argues summary judgment is inappropriate because he "believes that he will demonstrate" that Plaintiff "has received payments and stock" from Defendant for the June 10, 2010 and August 2, 2010 debt underlying the Note. (Doc. #28, p. 2.) In support thereof, Defendant has attached an authorized stock certificate (Certificate), which provides that Plaintiff is the record holder of 16,667 shares of Healthcare of Today, Inc. (Doc. #28-1.) The Certificate does not provide that Defendant transferred these shares to Plaintiff, and Defendant provides no

explanation for how the Certificate, furnished in 2009, establishes payment by Defendant on the 2016 Note or on the 2010 underlying debt. Thus, this evidence is also insufficient to rebut Plaintiff's prima facie case. See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)(noting that to create a genuine issue for trial, "[a] mere scintilla of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party" (citation and quotation omitted)).

For the foregoing reasons, the Court finds Defendant has failed to rebut Plaintiff's prima facie case for breach of a promissory note, and Plaintiff is therefore entitled to summary judgment. Thus, Plaintiff is entitled to recover $300,000 in principal, plus past-due interest at the per diem rate of $98.63 (12% per annum), for a total of $350,893.15. Pursuant to the Note, Plaintiff is also entitled to post-default interest accruing at the per diem rate of $144.20 (15% per annum), from July 3, 2017 through the date of judgment.[3]

Plaintiff also seeks post-judgment interest in this case "at the statutory rate." (Doc. #26, p. 6.) Post-judgment interest

---

[3] The Court uses the $350,893.15 figure in calculating this per diem rate because the Note provides that, in the event of default, "all amounts outstanding under this Note will bear interest at the rate of 15.00 percent per annum . . . ." (Doc. #26-1, p. 2.)

"shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).[4] "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Id. The rate is computed daily and compounded annually. 28 U.S.C. § 1961(b). The weekly average 1-year constant maturity Treasury yield rate for the preceding week is 2.02%. Applying this weekly average rate, Plaintiff is entitled to post-judgment interest at the per diem rate of $19.42.[5]

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #26) is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant, providing that Plaintiff shall recover from Defendant as follows:

---

[4] The applicable post-judgment interest rate is governed by federal law in this diversity action. See Ins. Co. of N. Am. v. Lexow, 937 F.2d 569, 572 n.4 (11th Cir. 1991)("[I]n awarding postjudgment interest in a diversity case, a district court will apply the federal interest statute, 28 U.S.C. § 1961(a).").

[5] Formula applied: Weekly average 1-year constant maturity Treasury yield (0.0202) x principal amount ($350,893.15) = $7,088.04/365 days = per diem rate ($19.42).

7

     a. The principal sum of $300,000;

     b. Unpaid interest in the amount of $50,893.15;

     c. Post-default interest at the per diem rate of $144.20, from July 3, 2017 through the date of judgment;

     d. With post-judgment interest accruing at the per diem rate of $19.42 from the date of judgment until paid.

3. Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) days** of the entry of judgment.

4. The Clerk is further directed to terminate all pending matters and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this  21st  day of June, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel and Parties of record